Joseph R. Saveri (State Bar No. 130064)
jsaveri@lchb.com
Eric B. Fastiff (State Bar No. 182260)
efastiff@lchb.com
Brendan P. Glackin (State Bar No. 199643)
bglackin@lchb.com
Dean M. Harvey (State Bar No. 250298)
dharvey@lchb.com
Anne B. Shaver (State Bar No. 255928)
ashaver@lchb.com
Katherine M. Lehe (State Bar No. 273472)
klehe@lchb.com
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, ANTITRUST DIVISION,<br><br>Defendant. | Case No. CV11 5105 HRL<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>(Violation of the Freedom of Information Act (5 U.S.C. § 552)) |

This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant Department of Justice ("DOJ").

**JURISDICTION AND VENUE**

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has

jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

2. Defendant DOJ is a department of the Executive Branch of the United States Government and includes the Antitrust Division. The DOJ is an agency within the meaning of 5 U.S.C. § 552(f).

3. Plaintiff Lieff, Cabraser, Heimann & Bernstein, LLP is a private law firm representing five individual and representative plaintiffs in a consolidated class action regarding illegal agreements among Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar ("Firms") to fix and suppress the compensation and mobility of their employees. *In re: High-Tech Employee Antitrust Litig.*, No. 11-CV-2509-LHK (N.D. Cal.). Plaintiffs in that case seek injunctive relief and damages for violations of: Section 1 of the Sherman Act, 15 U.S.C. § 1; the Cartwright Act, California Business and Professions Code §§ 16720, *et seq.*; California Business and Professions Code § 16600; and California Business and Professions COde §§ 17200, *et seq.*

## INTRADISTRICT ASSIGNMENT

4. This case is properly assigned to the San Jose Division of this Court pursuant to Civil Local Rule 3-2(c), because a substantial part of the events or omissions giving rise to the claim occurred in Santa Clara County.

## FACTUAL BACKGROUND RELATING TO THE REQUEST

5. Cold calling is a recruiting technique that involves communicating directly in any manner with another company's employee who has not otherwise applied for a job opening. This is a particularly effective recruiting method because current employees of other companies are often unresponsive to other recruiting strategies. Cold calling is a key competitive tool companies use to recruit employees, particularly high technology employees with advanced skills and abilities. Cold calling has a significant impact on employee compensation.

6. On September 24, 2010, the DOJ filed a complaint against Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., and Pixar. *United States v. Adobe Systems, Inc., et al.*, Case No. 10-cv-01629-RBW (D.D.C.). The DOJ alleged that these six companies

entered into a series of bilateral agreements not to "cold call" employees. The agreements prohibited recruiting a prospective employee at the participating firm unless that employee contacted the prospective employer first.

7. The alleged agreements began in 2005, and continued until at least the beginning of the DOJ investigation in 2009. Some Firms, such as Google, have publicly admitted the conduct and assert that the agreements ended when the DOJ investigation began. The DOJ alleged that these agreements were *per se* violations of the Sherman Act. The DOJ filed a stipulated proposed final judgment in which the Defendants agreed not to engage in the same or similar misconduct in the future, and agreed to a variety of mandatory inspection procedures to ensure compliance.

8. On December 21, 2010, the DOJ filed a complaint against Lucasfilm. *United States v. Lucasfilm LTD.*, Case No. 10-cv-02220-RBW (D.D.C.). The DOJ alleged that Pixar and Lucasfilm participated in a no-recruit agreement like those at issue in the first complaint, but the Pixar / Lucasfilm agreement also went substantially farther. Beginning in no later than 2005, Pixar and Lucasfilm agreed to a three-part protocol that restricted recruiting of each other's employees. First, each agreed they would not cold call each other's employees. Second, they agreed to notify each other when making an offer to an employee of the other firm. Third, they agreed that, when offering a position to the other company's employee, neither would counteroffer above the initial offer. The DOJ alleged that this three-part protocol was a *per se* violation of the Sherman Act. The DOJ filed a stipulated proposed final judgment in which Lucasfilm agreed not to engage in the same or similar misconduct in the future, and agreed to a variety of mandatory inspection procedures to ensure compliance.

9. The U.S. District Court for the District of Columbia entered the proposed final judgment regarding the first case (*United States v. Adobe Systems, Inc., et al.*, No. 10-cv-01629-RBW) on March 18, 2011, and entered the proposed final judgment regarding the second case (*United States v. Lucasfilm LTD.*, No. 10-cv-02220-RBW) on June 3, 2011.

## PLAINTIFF'S FOIA REQUEST AND APPEAL

10.     By letter dated May 27, 2011, Plaintiff submitted a Freedom of Information Act ("FOIA") request for:

a.     "(1) All documents, including correspondence, that were provided to, seized or compiled by, or sent from the DOJ in connection with *United States v. Adobe Systems, Inc., et al.*, Case No. 10-cv-01629-RBW (D.D.C.) and/or *United States v. Lucasfilm LTD., et al.*, Case No. 10-cv-02220-RBW (D.D.C.);

b.     "(2) All documents, including correspondence, civil investigative demands, subpoenas, requests for documents, drafts of stipulated final judgments or other proposed filings, attorney notes and summaries of witness interviews and proffers that were provided to, seized or compiled by, or sent from the DOJ in connection with its investigation of anticompetitive practices in the setting of employee compensation and the employee recruitment practices of Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and any other technology companies;

c.     "(3) All position papers and prepared remarks given, submitted or presented to the DOJ, and all transcripts of testimony given to the DOJ, in connection with its investigation of anticompetitive practices in the setting of employee compensation and the employee recruitment practices of Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and any other technology companies;

d.     "(4) Any corporate or individual leniency letter(s), including any attachments or enclosures, from the DOJ to the applicant(s) for leniency (or "amnesty") under the DOJ's Leniency Program, memorializing any agreement relating to the DOJ's investigation of anticompetitive practices in the setting of employee compensation and the employee recruitment practices of Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and any other technology companies;

e.     "(5) Any drafts of the leniency letter(s) described in request four (4);

   f. "(6) Documents sufficient to show whether the DOJ's investigation of anticompetitive practices in the setting of employee compensation and the employee recruitment practices of Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and any other technology companies, is closed or ongoing."

11. Plaintiff's request stated that "[t]o the extent the DOJ claims that the information sought by this Request may be protected from disclosure under the FOIA's exemptions or other law enforcement exclusions," non-exempt portions of responsive documents still must be released.

12. By letter of June 3, 2011, the DOJ acknowledged receipt of the request, gave Plaintiff's request control number ATFY11-043, and stated that Plaintiff "may wish to modify or limit the scope of [the] request to reduce the time needed to conduct a search and the amount of potentially responsive records."

13. By letter of June 3, 2011, Plaintiff informed the DOJ of Plaintiff's belief that the request was "sufficiently narrow that the responsive records can be readily gathered and produced, particularly because the relevant investigations have concluded."

14. By letter of June 27, 2011, the DOJ denied Plaintiff's request, citing FOIA's Exemptions 7(A), 5 and 3. Exemption 7(A) protects from disclosure documents compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings. 5 U.S.C. § 552(b)(7)(A). Exemption 5 only protects from disclosure documents reflecting Antitrust Division staff attorney work-product. 5 U.S.C. § 552(b)(5). Exemption 3 protects information specifically exempted from disclosure by statute, which the DOJ here claims is 15 U.S.C. § 1314(g) (only those documents "provided pursuant to any [Civil Investigative Demand] issued under this Act [15 U.S.C. §§ 1311 *et seq.*] shall be exempt from disclosure under section 552 of title 5, United States Code"). 5 U.S.C. § 552(b)(3).

15. By letter of July 1, 2011, Plaintiff timely appealed Defendant's denial of its FOIA request. Plaintiff's appeal stated that "even if [the] agency establishes an exemption, it must nonetheless disclose all reasonably segregable, nonexempt portions of the requested

1  record(s)." *Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 57-58 (D.C. Cir. 2003)
2  (quoting 5 U.S.C. § 552(a)(3)(A)); *see also* 5 U.S.C. § 552(a)(4)(B), (b). Plaintiff's appeal
3  pointed the DOJ to the *Stolt-Nielsen* case, in which the United States Court of Appeals for the
4  District of Columbia held that it was error for the district court to find that the amnesty
5  agreements requested were exempt from FOIA disclosure without making any findings as to the
6  DOJ's ability to segregate potentially protected information within the documents. *See Stolt-*
7  *Nielsen Transportation Group Ltd. v. United States*, 534 F.3d 728 (D.C. Cir. 2008). The Court
8  noted that the FOIA requires disclosure of any reasonably segregable portion of the requested
9  record, and that an agency "cannot justify withholding an entire document simply by showing that
10 it contains some exempt material." *Id.* at 733-34. With regard to Plaintiff's requests for leniency
11 letters/amnesty agreements and any drafts thereof (fourth and fifth requests, above), Plaintiff's
12 appeal reiterated its request that "[t]o the extent the DOJ claims that the information sought by
13 this Request may be protected from disclosure under the FOIA's exemptions or other law
14 enforcement exclusions," non-exempt portions of a corporate conditional leniency letter still must
15 be released.

16          16.     Plaintiff's appeal also demonstrated the inapplicability of the exemptions
17 cited by the DOJ in its denial. Exemption 7(A), designed to "prevent disclosures which might
18 prematurely reveal the government's cases in court," is inapplicable to Plaintiff's entire request
19 because the relevant investigations have concluded and final judgments were entered in both
20 *United States v. Adobe Systems, Inc., et al.*, Case No. 10-cv-01629-RBW (D.D.C.) and *United*
21 *States v. Lucasfilm LTD.*, Case No. 10-cv-02220-RBW (D.D.C.). *See Maydak v. United States*
22 *Dept. of Justice*, 218 F.3d 760, 762 (D.D.C. 2000) (citation omitted). Further, some Firms, such
23 as Google, have publicly admitted the conduct at issue in the DOJ's investigations.

24          17.     Plaintiff's appeal showed that Exemption 5 is wholly inapplicable to
25 Plaintiff's first and third requests. Plaintiff's appeal also showed that Exemption 5 is largely
26 inapplicable to Plaintiff's second and sixth requests, and that DOJ failed to segregate and disclose
27 non-exempt portions of responsive documents. Exemption 5 incorporates the attorney work-
28 product doctrine, which shields only those materials prepared in anticipation of litigation or for

trial by or for another party. *McKinley v. Bd. of Governors of the Fed. Reserve Sys.*, No. 10-5353, 2011 U.S. App. LEXIS 11357, *27 (D.C. Cir. June 3, 2011); 5 U.S.C. § 552(b)(5). Regarding Plaintiff's first request for "[a]ll documents, including correspondence, that were provided to, seized or compiled by, or sent from the DOJ in connection with *United States v. Adobe Systems, Inc., et al.*, Case No. 10-cv-01629-RBW (D.D.C.) and/or *United States v. Lucasfilm LTD., et al.*, Case No. 10-cv-02220-RBW (D.D.C.)," documents provided to or seized by the Antitrust Division cannot be the Antitrust Division attorneys' work-product. As to Plaintiff's third request for "[a]ll position papers and prepared remarks given, submitted or presented to the DOJ, and all transcripts of testimony given to the DOJ, in connection with its investigation of [the Firms'] anticompetitive practices," responsive documents do not constitute Antitrust Division attorney work-product because they were provided to the DOJ. Regarding Plaintiff's second and sixth requests, above, the DOJ's response failed to segregate and disclose responsive documents that do not constitute Antitrust Division attorney work-product. *See Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 57-58 (D.C. Cir. 2003) (quoting 5 U.S.C. § 552(a)(3)(A)); *see also* 5 U.S.C. § 552(a)(4)(B), (b).

18.  Plaintiff's appeal also demonstrated that Exemption 3 is largely inapplicable to all of Plaintiff's requests and that the DOJ failed to segregate and disclose non-exempt portions of responsive documents. Exemption 3 applies only to matters that are specifically exempted from disclosure by statute, which the DOJ here claims is 15 U.S.C. § 1314(g) (exempting from disclosure only those documents provided pursuant to antitrust Civil Investigative Demand). However, the DOJ's response does not indicate any attempt to segregate and disclose responsive documents that were provided pursuant to a Civil Investigative Demand ("CID") – to which Exemption 3 may apply – from those documents provided separately in the course of litigation.

### DEFENDANT'S DENIAL OF PLAINTIFF'S APPEAL

19.  By letter dated July 13, 2011, Defendant acknowledged receipt of Plaintiff's appeal and notified Plaintiff it "assign[s] appeals in the approximate order of receipt."

20. By letter dated September 19, 2011, the DOJ denied Plaintiff's appeal "on partly modified grounds," citing only Exemption 7(A). The DOJ's denial indicated no attempt to segregate and disclose nonexempt portions of the requested records.

21. The DOJ's denial further stated that "there are no records responsive to" Plaintiff's requests for leniency letters/amnesty agreements (fourth and fifth requests, above), because the Antitrust Division's leniency policy only applies to criminal actions and "both of the court actions cited in your initial request letter" were civil actions. However, Plaintiff's requests for leniency letters/amnesty agreements were not limited to documents relating to the DOJ's two civil actions. Rather, Plaintiff requested leniency letters/amnesty agreements, and any drafts thereof, "relating to the DOJ's investigation of anticompetitive practices in the setting of employee compensation and the employee recruitment practices of Adobe Systems Inc., Apple Inc., Google Inc., Intel Corp., Intuit Inc., Lucasfilm Ltd., Pixar, and any other technology companies."

22. As of the date of this Complaint, the DOJ has not provided the records requested by Plaintiff.

23. Plaintiff has exhausted its applicable administrative remedies with respect to its FOIA request to Defendant DOJ.

24. Plaintiff is entitled to the records requested, and needs the requested records to best serve its clients.

25. The DOJ has wrongfully withheld the requested records from Plaintiff.

**FAILURE TO PROVIDE A *VAUGHN* INDEX OR AFFIDAVIT**

26. Pursuant to *Fiduccia v. United States DOJ*, 185 F.3d 1035, 1043 (9th Cir. 1999), an agency must "provide enough information, presented with sufficient detail, clarity, and verification, so that the requester can fairly determine what has not been produced and why, and the court can decide whether the exemptions claimed justify the nondisclosure." *See also Vaughn v. Rosen*, 484 F.2d 820, 826-27 (D.C. Cir. 1973). A *Vaughn* index or affidavit is necessary to meet this requirement.

27. As of the date of this Complaint, the DOJ has not provided a *Vaughn* index or affidavit that identifies which responsive documents have been withheld pursuant to claims of exemption. A *Vaughn* index is a "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Central, Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977).

28. As of the date of this Complaint, the DOJ has not provided sufficient information for the Plaintiff to fairly determine what has not been produced. The DOJ has provided no details or clarification regarding what documents have been withheld, aside from the bare assertion that Plaintiff's request is exempt under Exemption 7(A).

29. The DOJ has violated the FOIA's requirements by failing to provide a *Vaughn* index or affidavit.

### PRESIDENT OBAMA AND ATTORNEY GENERAL HOLDER'S MEMORANDA REGARDING FOIA

30. On January 21, 2009, his first full day in office, President Obama issued a memorandum to all heads of executive departments and agencies, including Defendant, on the subject of FOIA.

31. President Obama wrote about FOIA, "In our democracy, the [FOIA], which encourages accountability through transparency, is the most prominent expression of a profound national commitment to ensuring an open Government. At the heart of that commitment is the idea that accountability is in the interest of the Government and the citizenry alike." The memorandum then stated a "clear presumption" in favor of disclosure:

> The Freedom of Information Act should be administered with a clear presumption: In the face of doubt, openness prevails. The Government should not keep information confidential merely because public officials might be embarrassed by disclosure, because errors and failures might be revealed, or because of speculative or abstract fears. Nondisclosure should never be based on an effort to protect the personal interests of Government officials at the expense of those they are supposed to serve. In responding to requests under the FOIA, executive branch agencies (agencies) should act promptly and in a spirit of cooperation, recognizing that such agencies are servants of the public.

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA, and to usher in a new era of open Government. The presumption of disclosure should be applied to all decisions involving FOIA.

32. On March 19, 2009, Attorney General Eric Holder issued comprehensive new guidelines to the heads of executive departments and agencies governing the FOIA. These guidelines reaffirm the government's commitment to accountability and transparency as directed by President Obama in his Memorandum detailed above.

33. The Attorney General's FOIA Guidelines "strongly encourage agencies to make discretionary releases of records," and in the event that full disclosure of a record is not possible, "agencies are directed to consider whether a partial disclosure can be made."

34. The DOJ violated President Obama's and Attorney General Holder's guidelines by failing to make even a partial disclosure in response to Plaintiff's request.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A. Order Defendant to disclose the requested records in their entireties and make copies available to Plaintiff;

B. Order Defendant to prepare an affidavit or *Vaughn* index of materials it proposes to withhold and share such list with Plaintiff;

C. Provide for expeditious proceedings in this action;

D. Award Plaintiff its costs and reasonable attorney's fees incurred in this action; and

E. Grant such as other relief as the Court may deem just and proper.

Dated: October 18, 2010           LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _____
Joseph R. Saveri

Eric B. Fastiff
Brendan P. Glackin
Dean M. Harvey
Anne B. Shaver
Katherine M. Lehe
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Attorneys for Plaintiff*